UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

STATE OF NEW JERSEY,

:   Civil Action No.   15-384 (PGS)

Plaintiff,

v.   :   **MEMORANDUM OPINION**

GOLDA D. HARRIS,

Defendant.

It appearing that:

1. On January 3, 2015, Defendant Golda Harris ("Defendant") filed a "complaint" seeking to remove her pending criminal proceeding from the Superior Court of New Jersey, Appellate Division, to this Court.  (Compl., ECF No. 1.)

2. In support of her "complaint," Defendant states that:

> On 10/9/14, Hon. Carmen Messano issued an order with time lines; and the state has failed to meet them 3 times.  [Defendant] is still serving an illegal sentence and time is of essence.  [Defendant] filed this complaint because [she has] had bias by the appellate court, no due process and no fair and impartial treatment.  They keep delaying the case to make [her] serve the full 7 year illegal sentence and a 3 year parole supervision.  This case as lingered since 2009.  Time is of essence.

(*Id.* at ¶ 8.)

3. Defendant is requesting that the case be removed to this Court "due to bias below." (*Id.* at ¶ 9.) She further requests that this Court find that there are no injuries in this case and that the No Early Release Act is not applicable. (*Id.*) She also requests that this Court give her credit for time served on both convictions and order her release. (*Id.*)

4. Defendant asserts that this Court has jurisdiction pursuant to 42 U.S.C. § 1983; the "PRLA"; and "state habeas corpus application (*id.* at ¶ 1); however to the extent Defendant is

attempting to remove a pending state criminal action, it would appear she is doing so pursuant to 28 U.S.C. § 1443(1), which permits the removal of a criminal prosecution:

> Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof.

5. An individual seeking removal of a state criminal case to federal court under § 1443 must satisfy a two-part test: she must allege a denial of her rights on account of race, and that she cannot enforce her federal rights in state court. *Delaware v. Hefley*, 403 F. App'x 677, 678 (3d Cir. 2010) (citing *Johnson v. Miss.*, 421 U.S. 213, 219–20, 95 S.Ct. 1591, 44 L.Ed.2d 121 (1975). Under the first requirement, the defendant must allege a deprivation of rights guaranteed by a federal law "providing for specific civil rights stated in terms of racial equality." *Pennsylvania v. Randolph*, 464 F. App'x 46, 47 (3d Cir. 2012) (internal citations and quotations omitted). Under the second requirement, removal is available where the defendant's federal civil rights would "inevitably be denied by the very act of being brought to trial in state court." *Id.* "[R]emoval is not warranted when it is based solely on petitioners' allegations that the statutes underlying the charges against them were unconstitutional, that there was no basis in fact for those charges, or that their arrest and prosecution otherwise denied them their constitutional rights." *In re Oke*, 436 F. App'x 138, 139 (3d Cir. 2011) (internal citations and quotations omitted).

6. Based on Defendant's allegations, it is clear that she is not being deprived of her rights on account of race or that she cannot enforce her federal rights in state court. Rather, she is merely dissatisfied with the amount of time it takes the state court to make decisions, as well as the

ultimate decisions. These are not sufficient reasons to warrant removal of the pending state criminal proceeding.[1]  *Id.*

For the foregoing reasons,

IT IS on this __29__ day of __April__, 2015,

ORDERED that Civil Action No. 15-384 (PGS) is hereby REMANDED to the Superior Court of New Jersey, Appellate Division; and it is further

ORDERED that the Clerk of the Court shall mark this matter CLOSED.

_____
Peter G. Sheridan, U.S.D.J.

---

[1] The Court further notes that it also appears that the notice of removal was not timely filed. Section 1455(b)(1) provides that a "notice of removal of a criminal prosecution shall be filed not later than thirty days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time." 28 U.S.C. § 1455(b)(1). Here, Defendant states that her criminal case has been ongoing since 2009; presumably, she was arraigned years ago and a notice of removal filed in 2015 would be untimely.

3